**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GRAZYNA MANIECKA,

                Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

                Defendants.

Case No. 26-cv-02729

**Judge Edmond E. Chang**

**Magistrate Judge Albert Berry, III**

**ORDER FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY AND SERVICE OF
PROCESS BY E-MAIL AND/OR ELECTRONIC PUBLICATION**

Plaintiff GRAZYNA MANIECKA  ("Maniecka" or "Plaintiff") filed an *Ex Parte* Motion

for Entry of an Order for Leave to Conduct Expedited Discovery and Service of Process by E-mail

and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce store

operating under the seller alias identified in Amended Schedule A to the Complaint and attached

hereto (the "Defendant") and using at least the online marketplace accounts identified in Amended

Schedule A (the "Defendant Internet Store"). After reviewing the Motion and the accompanying

record, this Court GRANTS Maniecka's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction

over Defendant because Defendant directly targets its business activities toward consumers in the

United States, including Illinois. Specifically, Maniecka has provided a basis to conclude that

Defendant has targeted sales to Illinois residents by setting up and operating at least one e-

commerce store that targets United States consumers using at least one seller alias, offers shipping

to the United States, including Illinois, and has sold products using infringing versions of

1

Maniecka's federally registered copyright, which are protected by U.S. Copyright Registration No. VA 2-468-563 (the "Grazyna Maniecka Work") to residents of Illinois.

This Court also finds that issuing this Order without notice pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure is appropriate because Maniecka has presented specific facts in support of the Motion clearly showing that Plaintiff will be otherwise unable to properly serve Defendant without the requested leave. Specifically, an *ex parte* Order for discovery of Defendant's financial accounts and e-mail addresses is necessary so that Defendant can be served with notice to conserve judicial resources and proceed to the merits of this case. Accordingly, this Court orders that:

1. Upon Maniecka's request, any third party with actual notice of this Order who is providing services for the Defendant, or in connection with Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including all known contact information and all associated e-mail addresses;

    b. Defendant's financial accounts, including operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Store and Defendant's

2

financial accounts, including Defendant's sales and listing history related to its respective Defendant Internet Store; and

c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

2. Defendants, within fourteen (14) calendar days after receiving notice of this Order, shall serve upon Plaintiff a written report under oath providing:

a. The identity and location, including contact information, its true name and physical address, and all associated e-mail addresses, of Defendant;

b. the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Internet Store, and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history; and

c. the steps taken by Defendant to comply with paragraph 1, (a)-(c) above.

3. Plaintiff may provide notice of the proceedings in this case to Defendant, including notice of this order and any hearings, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to any e-mail addresses provided for Defendant by third parties. The Clerk of the Court is

directed to issue a single original summons in the name of "TIN66" that shall apply to Defendant. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford it the opportunity to present its objections.

Date: 03/13/2026

Edmond E. Chang
United States District Judge

4

**Amended Schedule A**

| No. | Defendant |
|-----|-----------|
| 1 | TIN66 |