**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GRAZYNA MANIECKA,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 1:26-cv-02729

**Judge Edmond E. Chang**

**Magistrate Judge Albert Berry, III**

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff GRAZYNA MANIECKA ("Maniecka" or "Plaintiff") against the defendant identified on Amended Schedule A, and using the Online Marketplace Account identified on Amended Schedule A (the "Defendant Internet Store"), and Maniecka having moved for entry of Default and Default Judgment against the defendant identified on Amended Schedule A attached hereto ("Defaulting Defendant");

Maniecka having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording it the opportunity to answer and present its objections; and

The Defaulting Defendant having not answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction

over Defaulting Defendant because Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Maniecka has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, and has sold products using infringing versions of Maniecka's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-468-563 (the "Grazyna Maniecka Work") into Illinois at least one time (specifically, the purchase made by the Plaintiff).

This Court further finds that Defaulting Defendant are liable for willful copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Maniecka's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Final Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with Defaulting Defendant be permanently enjoined and restrained from:

   a. using the Grazyna Maniecka Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Maniecka product or not authorized by Maniecka to be sold in connection with the Grazyna Maniecka Work;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Maniecka product or any other product produced by Maniecka, that is not Maniecka's

or not produced under the authorization, control, or supervision of Maniecka and approved by Maniecka for sale under the Grazyna Maniecka Work;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Maniecka, or are sponsored by, approved by, or otherwise connected with Maniecka; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Maniecka, nor authorized by Maniecka to be sold or offered for sale, and which bear any of Maniecka's registered copyrights, including the Grazyna Maniecka Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendant and any third party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with the Defaulting Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell infringing goods using the Grazyna Maniecka Work; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Grazyna Maniecka

Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Maniecka product or not authorized by Maniecka to be sold in connection with the Grazyna Maniecka Work.

3. Upon Maniecka's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of infringing goods using the Grazyna Maniecka Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Maniecka is awarded statutory damages from the Defaulting Defendant in the amount of fifteen thousand dollars ($15,000) for willful use of the infringing Grazyna Maniecka Work on products sold through at least the Defendant Internet Store. This statutory award is appropriate to balance the goals of deterrence and providing some measure of compensation without crossing the line into over-deterrence and punishment. The infringing good was offered at a very modest price, R. 13-1 at 3 ($8.99), and the online seller had only 3 reviews, R. 13-1 at 6, suggesting a low volume of sales.

5. Any Third Party Providers holding funds for Defaulting Defendant, including Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Store from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendant's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held

by Third Party Providers such as Amazon, are hereby released to Maniecka as partial payment of the above-identified damages, and Third Party Providers, including Amazon, are ordered to release to Maniecka the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Maniecka has recovered full payment of monies owed to Plaintiff by the Defaulting Defendant, Maniecka shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Maniecka identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Maniecka may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at any e-mail addresses provided for Defaulting Defendant by third parties.

This is a Default Final Judgment.

Dated: 10/08/2026

Edmond E. Chang
United States District Judge

**Amended Schedule A**

| No. | Defendant |
|---|---|
| 1 | TIN66 |